# NEW-YORK COMMON PLEAS.

## THE FIRE DEPARTMENT agt. JOSEPH HARRISON.

An action brought to recover *penalties* incurred by the erection of buildings in violation of the fire laws (*Sess. Laws*, 1849, *p.* 118) and for judgment that the buildings be taken down and removed (as a common nuisance), is an action in which a *trial by jury cannot be dispensed with*, unless with the consent of parties.

(*This opinion concurs with that of Judge* BRADY *in* 17 *How.* 273, *S. C., and would have accompanied that report had it been then known. As the question is of considerable importance—at least so considered by the court, by their delivering two able opinions, in the case—it is considered a sufficient explanation for the publication of Judge* DALY'S *opinion here.*—REP.)

*New - York General Term, June,* 1859.

THIS action was brought to recover penalties incurred by the erection of four buildings in violation of the fire laws, particularly designated in the complaint, and for the judgment of the court in accordance with the provisions of the statute— that the several houses be taken down and removed. When the cause was called at the special term, the plaintiff's counsel moved that it be tried by the court without a jury. The de-

. fendant's counsel claimed a trial by jury. The judge presiding decided that the action should be tried by the court without a jury, and the defendant excepted.

DALY, F. J. This is not a case in which a trial by jury could be waived, unless by the consent of the parties; nor does it come within the class of cases specified in the Code as triable by a jury; but it is, nevertheless, to be tried by a jury, unless it is a case where the remedy sought is of an equitable nature, analogous to those which the court of chancery would formerly take cognizance of, and could alone afford the entire relief asked. It is not, in my judgment, a case of that nature or kind. A court of chancery would not interfere where there was an ample remedy at law. It would interpose by injunction to restrain parties from creating or continuing a nuisance, because it could alone afford that remedy. If an erection was begun which was or would become a nuisance, it would restrain the party from the further prosecution of the work, but it had no jurisdiction to compel him to undo what was done, unless the fact of the nuisance was established by action at law. (*Bradford* agt. *The Manchester, Sheffield, and Lincolnshire Railway Co.*, 8 *Eng. Law and Eq. R.* 143.)

In the case cited, the defendants commenced the erection of a wall, by which the water was prevented from flowing up to the plaintiff's mill, which diverting or stopping off of water running to another mill or meadow is, by the ommon law, a nuisance. (*F. N. B.* 184; 2 *Eq. Abr.* 522, *pl.* 3.) Sir S. PARKER, the vice-chancellor, granted an injunction to restrain the defendants from the further prosecution of the work, but said that he could not make them undo anything actually done. The instances of the interposition of the court upon the subject of nuisance, says Lord ELDON, in the *Attorney-General* agt. *Cleaver* (18 *Ves.* 217), are very confined and rare; and he remarks further, upon the authority of Lord HALE, that the question of nuisance, whether public or private, unless it be the obstruction of a highway or of a harbor, is a question of fact, which must be tried by a jury; and that, though the

court might entertain a suit to abate a nuisance, it would be bound to try the fact by the intervention of a jury. But in *Weller* agt. *Smeaton* (1 *Cox*, 102), the court went further than this. It was a suit in equity, to compel the defendant to pull down and remove certain works which obstructed the plaintiff's mill, and to restrain him from erecting new ones, and it was held that the bill would not lie, until the right was first established by an action at law.

This action is not to prevent or restrain the defendant from doing anything, but to compel him to take down and remove a building which he has erected, upon the ground that it is a nuisance, and to recover a statute penalty. A penalty is recoverable by an action at law, and it is very plain, upon the authority of *Weller* agt. *Smeaton*, that a bill in equity would not lie to compel the taking down and removal of a building as a nuisance, unless the fact of it being one was first established in an action at law. When the fact was ascertained by a recovery in an action at law, the court would lend its aid to compel its removal, as the plaintiff had no other remedy at law, but to bring successive actions upon the case for damages—the assize of nuisance and the writ *quod permittat prosternare*, by which a nuisance might be removed, having been abolished by statute. But in this state there was a full and ample remedy at law, without resorting to a court of equity, as in the action of nuisance, under the Revised Statutes the plaintiff had judgment, not only for his damages, but that the nuisance be removed, a provision which the Code has retained (§ 454). He had no occasion to go into a court of equity, except in cases where it could alone afford relief by an injunction to prevent or restrain.

If the buildings owned by the defendant are in violation of the act of 1849, they are, by that statute, a common nuisance, and the defendant is subject to certain penalties for causing them to be erected. By sections 25, 30, and 31 of the act, the penalty may be enforced in this court, or in the supreme court, by an action to be brought by the fire department, in which action the court may, in addition to giving judgment

for the penalty, also adjudge and decree that the building be taken down and removed, which decree it is made the duty of the sheriff to execute. There is nothing in this action of exclusive equitable cognizance. It is to compel the removal of a common nuisance, and to recover a penalty incurred by creating it. The remedy sought for the removal of a nuisance was one that was obtainable in this state, when the court of chancery was in existence, by an action at law, in which full and adequate relief was afforded, without resorting to a court of equity at all; and one that the English court of chancery would not grant, unless the existence of the nuisance was established by the judgment of a court of law; or, according to Lord ELDON, by the verdict of a jury.

I, therefore, concur with Judge BRADY, that it is an action in which a trial by jury could not be dispensed with, unless with the defendant's consent.

The case cited by the plaintiff—(*Jesus College* agt. *Bloom*, 3 *Atk*. 262)—instead of being an authority for him, is directly against him. It is very true that, if a court of equity has acquired jurisdiction, it will, to avoid multiplicity of suits, embrace other matters connected with, or growing out of the subject, though they may be cognizable in courts of law, unless they embrace objects so diverse and different as to be liable to the objection of multifariousness. Lord HARDWICKE, consequently, said in that case, that where an injunction would be allowed to stay waste, and waste had already been committed, the court would decree an account and satisfaction, for what was past; but he dismissed the bill because the plaintiff did not ask an injunction to restrain, but his bill was for an account and satisfaction. There was in that case, as it is in this, no element of equity jurisdiction, for the plaintiff could obtain all that he sought for by an action at law.